DIEMER & WEI, LLP
Kathryn S. Diemer, SBN 133977
Susan B. Luce, SBN 120843
55 South Market St., Ste 1420
San Jose, CA 95113
Tel: 408-971-6270
Fax:408-971-6271

kdiemer@diemerwei.com
sluce@diemerwei.com

Attorneys for Patrice Darisme

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**PRINCESCA N. ENE**,<br><br>        Debtor.<br><br>—————————————————<br><br>**PATRICE DARISME**,<br><br>        Plaintiff,<br><br>vs.<br><br>**PRINCESCA N. ENE**,<br><br>        Defendant. | Case No. 21-50901<br><br>Chapter 11<br><br><br>Honorable M. Elaine Hammond<br><br>—————————————————<br><br>Adversary Proceeding No._____<br><br>**COMPLAINT TO DETERMINE DEBTS TO BE EXCEPTED FROM DISCHARGE (11 U.S.C. § 523(a)(2); (a)(4); (a)(6) and (a)(15))** |

Plaintiff, Patrice Darisme, brings this Adversary Complaint pursuant to 11 U.S.C. §§ 523(a)(2); 523(a)(4); 523(a)(6) and 523(a)(15) to request a determination by this Court that the debt, found by the Superior Court of California to be owed to Plaintiff by Defendant Princesca N. Ene is excepted from discharge.

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.

2. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (B)(2)(i).

3. Venue in the Northern District of California is proper under 28 U.S.C. § 1409(a).

4. Plaintiff consents to entry of a Final Order or Judgment by the United States Bankruptcy Court for the Northern District of California in this Adversary Proceeding.

## PARTIES

1. Plaintiff is an individual residing in Santa Clara County, California.

2. Plaintiff is a judgment creditor of Debtor/Defendant Princesca N. Ene and has standing to bring this adversary proceeding.

3. Defendant, Princesca N. Ene, is an individual Debtor under Chapter 11 whose petition was filed in the San Jose Division of the United States Bankruptcy Court for the Northern District of California, thereby commencing Bankruptcy Case No. 21-50901.

## GENERAL ALLEGATIONS

4. Princesca N. Ene and Patrice Darisme were married on September 2, 2000. They have been separated since January 1, 2015. (Exhibit 1, Statement of Decision, Page 9, lines 8-11).

5. In 2004, NiTi Tubes, LLC ("NiTi") was formed, purportedly by Defendant Ene and Wilson Eng. (Exhibit 1, Page 9, lines 14 - 21).

6. In 2012, NiTi incorporated as NiTi Tubes, Inc. The corporation changed its name to Nano Alloys, Inc., dba NiTi Tubes. Defendant Ene held all 700,000 shares. (Exhibit 1, Page 10, lines 7 - 12).

2

7. The 700,000 shares were community property. (Exhibit 1, Page 10, lines 13 - 14).

8. After separation, Defendant unilaterally created stock certificates to give Mr. Eng a 50% interest in the company. Mr. Eng never saw the stock certificates until his deposition in 2019. (Exhibit 1, Page 10, line 26 – Page 11, line 8).

9. This transfer, in and of itself, has been found to be a breach of Defendant's fiduciary duty to Plaintiff. (Exhibit 1, Page 11, lines 15 - 23).

10. At some time, Defendant Ene prepared documents for Nano Alloys, dated late 2014 (just before separation), that purported to "cancel" the stock certificates giving her 700,000 shares, and issued her mother and Mr. Eng 200,000 shares each. She also granted herself 400,000 shares. (Exhibit 1, Page 11, line 24 – Page 12, line 10).

11. Purportedly, in 2017, Defendant's mother returned her shares, and stock certificates were then issued giving Mr. Eng and Defendant each 350,000 shares of Nano Alloys, for no apparent consideration. (Exhibit 1, Page 12, lines 11 - 22).

12. Plaintiff did not know of and did not consent to these transfers of community property. (Exhibit 1, Page 12, line 23 – page 13, line 2).

13. The Honorable Roberta S. Hayashi of the Superior Court of California found that the transfer to Mr. Eng of 50% of the company was a breach of her fiduciary duty to Plaintiff. (Exhibit 1, page 13, lines 3 -7).

14. While the Family Court was trying to determine the value of Nano Alloys, Defendant attempted to reduce the company's value by alleging the assets were subject to client warranty and claims exceeding $6,100,000.00. (Exhibit 1, Page 15, lines 1 – 6).

3

15. The Family Court found her contentions were not supported by the evidence. Defendant did not testify regarding the specifics of the underlying transactions. (Exhibit 1, Page 15, lines 6 - 17).

16. At trial, testimony made it clear that there was more than one set of financial records maintained by the company and that return authorizations purportedly issued by the company were patently false. (Exhibit 1, page 15, lines 1 – 17).

17. Defendant ceased operations of Nano Alloys in early 2018. The accounts receivable were liquidated leaving the primary asset of approximately $6,000,000.00.

18. Defendant transferred the approximate $6,000,000.00 from accounts in the name of Nano Alloys into bank accounts in the names of other fictitious entities such as "NiTitub" or "Cardinal Cordis Health" which were under her control. (Exhibit 1, page 16, lines 9 – 13).

19. In 2017, in an attempt to delay the discovery of the flurry of transfers of Nano assets to accounts under Defendant's control, she tried to quash the subpoenas for bank records which had been initiated by Plaintiff. (Exhibit 1, page 17, lines 11 – 28).

20. Defendant also contended that the $6,000,000.00 in funds had been transferred by agreement between Nano Alloys and *Cordis Corporation,* to establish a reserve fund from which customer liability claims could be satisfied. (Exhibit 1, Page 18, line 1 – Page 19, line 5).

21. Deposition testimony of Laura Vaughn, authorized agent of *Cardinal Health* , the entity that controls *Cordis Corporation,* showed there was no agreement with Defendant to create "Cardinal Cordis Health" or to open bank accounts in the name of such entity. (Exhibit 1, Page 19, lines 5 - 15).

Case: 21-50901    Doc# 48    Filed: 09/27/21    Entered: 09/27/21 18:07:01    Page 4 of 10

22. The Family court found that Plaintiff had proved, with clear and convincing evidence, that Defendant engaged in "malice, oppression and fraud" to reduce the value of Nano Alloys, Inc. Damages of $1,805,291.50 were awarded to Plaintiff. (Exhibit 1, page 16, lines 1 – 8).

23. Further, the Family Court found clear and convincing evidence that Defendant misused her position of authority to access and use funds of Nano Alloys, Inc., for her own personal benefit, thereby reducing the community property interest. (Exhibit 1, Page 20, lines 13 – 16).

24. After separation, Defendant continued to use Plaintiff's personal AMEX credit card to charge Nano Alloys, Inc.'s business expenses, charging $24,778,70 in April, 2015 and $27,316.57 in June, 2015. (Exhibit 1, Page 22, lines 1 – 4).

25. In April, 2015, Plaintiff and Defendant agreed each would receive $100,000.00 from an investment account as an advance distribution. (Exhibit 1, Page 22, lines 3 – 6).

26. Plaintiff used Nano Alloy, Inc.'s funds and transferred $286,481,99 to himself to pay off the outstanding balance on his AMX credit card created by Defendant's use of the card, and to distribute $100,000 to Defendant and $100,000 to himself. (Exhibit 1, Page 22, lines 7 – 11).

27. Nonetheless, in September, 2015, Defendant used her position of management and control of Nano Alloys to file a police report accusing Mr. Darisme of stealing over $200,000.00 of Nano Alloys' funds, and then directed Nano Alloys to spend over $120,000 of corporate funds to pursue claims against Plaintiff Darisme for his removal of the funds. (Exhibit 1, Page 22, lines 11 – 17).

28. Defendant also provided knowingly false information to the accounting professionals. (Exhibit 1, Page 22, lines 18 – 22).

5

29. In early 2018, Defendant purposefully ceased operations of Nano Alloys, Inc., thereby destroying any business goodwill and reducing the value of the community property interest. (Exhibit 1, page 22, lines 18-22).

30. Judgment After Trial was signed by Judge Hayashi on April 28, 2021and entered on May 3, 2021. (Exhibit 2).

31. Thereafter, on September 9, 2021, Judge Hayashi signed an Amended Judgment After Trial to correct a math error and to set a hearing date and briefing schedule for the reserved issues – valuation of a Canadian corporation and the valuation and disposition of the household furnishings and fixtures. The Amended Judgment was entered on September 13, 2021.  (Exhibit 3).


**FIRST CLAIM FOR RELIEF**
**U.S.C. § 523(a)(2) –Actual Fraud**

32. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 – 31 as though fully set forth herein.

33. Pursuant to §523(a)(2)(A), a Debtor will not be discharged for debts obtained by false pretenses, a false representation or actual fraud.

34. Actual fraud encompasses the kind of conduct carried on by Defendant, the wrongful, methodical and premeditated transfer of assets by Defendant to hide them from Plaintiff and her creditors.

35. Defendant engaged in schemes to impair and impede Plaintiff's ability to locate and realize the value of the community assets.

36. In the Judgment After Trial (Exhibit 2), the Court noted, "...Petitioner (Plaintiff) has met his burden of showing by clear and convincing evidence that Respondent (Defendant)

engaged in 'malice, oppression and fraud', in order to reduce the value of Nano Alloys, Inc. from its value as an ongoing business ($9,610,583 as of December 31, 2017 to $6,000,000, the reported cash in the bank at the commencement of trial." (Exhibit 2, page 10, lines 5 – 10).

37. As a result the Court awarded damages to Plaintiff of $1,805,291.50 as the amount by which he was damaged as a result of Defendant's course of conduct. (Exhibit 2, page 10. Lines 11 – 14).

38. The Court also awarded Plaintiff sanctions in the amount of $107,043. 25 for Defendant's bad faith and dilatory conduct in connection with the division of the stock of Nano Alloys, Inc. and its valuation. (Exhibit 2, page 10. Lines 15 – 28).

39. Plaintiff requests this Court adjudge that Defendant violated Section 523(a)(2)(A) of the Bankruptcy Code and, therefore, Defendant's indebtedness to Plaintiff constitutes a non-dischargeable debt.

**SECOND CLAIM FOR RELIEF**
**11 U.S.C. § 523(a)(4) – For Fraud or Defalcation**
**While Acting in a Fiduciary Capacity**

40. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 – 39 as though fully set forth herein.

41. Pursuant to California Family Code §721, in transactions between themselves, spouses are subject to the general rules governing fiduciary relationships that control the actions of persons occupying confidential relations with each other. This confidential relationship imposes a duty of the highest good faith and fair dealing on each spouse, and neither shall take any unfair advantage of the other. This confidential relationship is a fiduciary relationship subject to the same rights and duties of nonmarital business partners, as provided in the California Corporations Code.

7

42. The Amended Judgment After Trial awarded Plaintiff $2,402,645.70 under Family Code §1101(g) for damages caused by Defendant's breaches of fiduciary duty in connection with her transfer or purported transfer of 50% of the shares of Nano Alloys, Inc. (Exhibit 3, Page 12, lines 1 – 3).

43. Plaintiff was awarded $1,805,291.50 under Family Code §1101(h) for damages caused by Defendant's breaches of fiduciary duty in connection with her actions that resulted in the reduction of value of Nano Alloys, Inc. between December 31, 2017 and the date of trial. (Exhibit 3, Page 12, lines 4-7).

44. Plaintiff requests this Court adjudge that Defendant violated Section 523(a)(4) of the Bankruptcy Code and, therefore, Defendant's indebtedness to Plaintiff constitutes a non-dischargeable debt.

### THIRD CLAIM FOR RELIEF
**11 U.S.C. § 523(a)(6) – For Willful and Malicious**
**Injury Caused by the Debtor**

45. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 – 44 as though fully set forth herein.

46. The Family Court found that Plaintiff had met his burden of showing by clear and convincing evidence that the Defendant engaged in "malice, oppression and fraud" in order to reduce the value of Nano Alloys, Inc. from its value as an ongoing business ($9,610,583 as of December 31, 2017) to $6,000,000, the reported cash in the bank at the commencement of trial. (Exhibit 3, Page 10, lines 20 – 26).

47. The Court then awarded damages in the amount of $1,805,291.50 and sanctions in the amount of $107,043.25 for Defendant's bad faith and dilatory conduct. (Exhibit 3, Page 11, lines 3 – 12).

8

48. Plaintiff requests this Court adjudge that Defendant violated Section 523(a)(6) of the Bankruptcy Code and, therefore, Defendant's indebtedness to Plaintiff constitutes a non-dischargeable debt.

### FOURTH CLAIM FOR RELIEF
### 11 U.S.C. § 523(a)(15) – For a Debt Incurred by the Debtor
### in the Course of a Divorce or Separation

49. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 – 48 as though fully set forth herein.

50. The debt owed to Plaintiff by Defendant is memorialized by the findings and judgments of the Superior Court of California. (Exhibits 1, 2 and 3).

51. The debts owed to Plaintiff, pursuant to the Statement of Decision and the Judgements After Trial, are not support debts.

52. The Petition for Dissolution with Minor was initiated by Plaintiff on February 20, 2015, well before Defendant commenced this Chapter 11 proceeding.

53. Plaintiff requests this Court find that the debt owing to Plaintiff by Defendant, per the Amended Judgment After Trial, Exhibit 3, constitutes a debt incurred in the course of a dissolution and, as such, is a non-dischargeable debt pursuant to 11 U.S.C. §523(a)(15).

### PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court find:

The debt owed to Plaintiff by Defendant, memorialized in the Amended Judgment After Trial (Exhibit 3) is non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(2)(A), 11 U.S.C. §§ 523 (a)(4); 11 U.S.C. §§ 523 (a)(6) and/or 11 U.S.C. §§ 523 (a)(15);

9

And for such other relief the Court deems just and proper.

Respectfully submitted,

Dated: September 23, 2021                    DIEMER & WEI, LLP


*/s/  Susan B. Luce*
Attorneys for Plaintiff

10