

The following constitutes the order of the Court.
Signed: May 8, 2026

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **PRINCESCA N. ENE**, <br><br> Debtor. | Case No.: 21-50901 SLJ <br> Chapter 7 <br><br> <u>Order After Hearing</u>: <br> Date: April 21, 2026 <br> Time: 1:30 p.m. |

## ORDER SUSTAINING LIMITED OBJECTION TO FINAL REPORT

Little in this case has gone without a fight. So perhaps unsurprisingly, when chapter 7 trustee Gina Klump ("Trustee") filed her Final Report (ECF 359), what is generally a relatively mechanical procedural step became a contentious dispute over how surplus funds (the "Surplus") of $2,679,828.27 should be distributed.[1]

Debtor's former husband Patrice Darisme ("Patrice") filed an Objection (Limited) to Trustee's Final Account ("Limited Objection"). He argues that Trustee should not pay the Surplus to certain related but non-filing entities that were substantively consolidated with

---

[1] The case was reassigned to the undersigned on November 12, 2025, upon Judge Hammond's retirement from the court. (DKT Order 348).

ORDER RE CHAPTER 7 TRUSTEE'S FINAL REPORT                    1/7

Case: 21-50901    Doc# 384    Filed: 05/08/26    Entered: 05/08/26 17:10:19    Page 1 of 7

Debtor's case by court order, as the Trustee's current Final Report proposes to do. Instead, he argues the money should be returned to Debtor. Cardinal Cordis Health ("CCH"), one of the non-filing entities that would receive funds under the Trustee's proposed scheme, filed a Response to Limited Objection to Final Account and Report and Related Reply in which it supports the Trustee's ("Reply") proposed Final Account and payment scheme (ECF 368).

For the reasons more fully discussed below, the Bankruptcy Code is clear that surplus funds should be returned to a chapter 7 debtor. Indeed, 11 U.S.C. § 726(a)(6) specifically mandates that result.[2]

As such, the Limited Objection filed by Patrice is sustained and the Trustee is ordered to comply with § 726(a)(6).

## I. BACKGROUND

This case arises out of a marital dissolution between Debtor and Patrice.

Debtor filed her chapter 11 petition in July 2021. In her amended bankruptcy schedules, Debtor listed a total of $7.1 million in assets and $6.4 million in liabilities. ECF 36. Among the liabilities, Debtor listed Patrice as having a disputed judgment claim for approximately $4.6 million—by far, the largest claim. In September 2021, Patrice filed his proof of claim based on detailed findings by the California Superior Court family law division ("Judgment"). As amended, the proof of claim asserted he was owed over $5.4 million under the Judgment. (Claim 3).[3]

Patrice commenced a nondischargeability action against Debtor, alleging that some of the debt identified in the Judgment was nondischargeable under § 523(a)(2), (a)(4), (a)(6), and (a)(15). Trustee sued Debtor to deny her a discharge under § 727(a) and other provisions. Debtor was denied a discharge. ECF 340, A.P. 24-5001 ECF 34.

---

[2] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

[3] A portion of this amount was assigned to a law firm. ECF 357.

Case: 21-50901     Doc# 384     Filed: 05/08/26     Entered: 05/08/26 17:10:19     Page 2 of 7

On January 24, 2022, the court granted Patrice's Motion for Appointment of a Chapter 11 Trustee, who promptly moved to convert the case to chapter 7. ECF 65, 97. The court granted the Motion to Convert on March 28, 2022, and Ms. Klump was appointed as the Trustee. ECF 102.

On December 14, 2022, the Trustee filed a Motion to Substantively Consolidate ("Motion to Substantively Consolidate") Debtor's estate with three non-filing entities, which she contended Debtor owned and controlled. The entities are called Nano Alloys, Inc. ("Nano"); Cardinal Cordis Health ("CCH"); and NiTi Tube, LLC ("NiTi") (collectively, "Entities"). ECF 163.

Relevant to the present dispute is that CCH was incorporated under the laws of Wyoming in December 2017 and, from its inception, it was wholly owned by the Princesca Ene IRT Trust (the "Trust"). Gabrielle Darisme ("Gabrielle"), who is the daughter of Debtor and her former husband Patrice, is the sole trustee of the Trust and is one of two beneficiaries. The remaining beneficiary is Gabrielle's brother Tyler Darisme.

No one opposed the Motion to Substantively Consolidate, so on January 23, 2023, the court granted it ("Consolidation Order"). ECF 178. No one appealed the Consolidation Order, nor did anybody move for reconsideration. The Consolidation Order is final.

On December 14, 2022, the Trustee filed a Motion for an Order Approving a Compromise by which Patrice agreed to accept $3,000,000 in full satisfaction of his claims against the bankruptcy estate, which the court approved on January 27, 2023. ECF 165, 179.

On March 9, 2026, the Trustee filed her Final Report. ECF 359. According to her Final Report, the Trustee realized gross receipts of approximately $7.45 million and had a balance on deposit of $6.79 million. The Final Report proposes to pay all allowed claims in full with interest and to distribute the Surplus on a *pro rata* basis among the Debtor and the Entities based on the source of estate funds. Specifically, since most of the funds in the Estate were taken from CCH accounts, the Final Report proposes returning approximately $1.86 million to CCH.

Case: 21-50901    Doc# 384    Filed: 05/08/26    Entered: 05/08/26 17:10:19    Page 3 of 7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Patrice filed his Objection arguing, *inter alia*, that no part of the Surplus should be paid to CCH because the funds do not belong to that company. ECF 374. Patrice contends that the Surplus should be paid to Debtor in accordance with § 726(a)(6).[4]

CCH filed a Reply which supports the Trustee's proposed distribution. CCH argues no law requires paying surplus funds in a substantively consolidated case solely to the entity that filed the bankruptcy case. (ECF 375).

## II.    DISCUSSION

Once estate assets are liquidated in a chapter 7 case, money is distributed by the trustee in strict accordance with § 726(a)'s priority scheme as follows: first, to secured claims; second, to unsecured claims; third, to late-filed unsecured claims; fourth, to the payment of any fines or penalties; fifth, for payment of interest; and last, to the debtor. § 726(a)(1)-(6).

In a typical, single debtor chapter 7 case, distribution under § 726(a)(6) is quite straightforward: § 101(13) defines a "debtor" as the "person or municipality concerning which a case under this title has been commenced." § 101(13). Therefore, under the plain text of § 726(a)(6), usually any surplus funds go to the person or entity that filed the petition.

Things get more complicated in a chapter 7 case in which non-filing entities are substantively consolidated into the case, and even more complicated where, as has happened here, the assets funding the chapter 7 case come in part from the consolidated, non-filing entities.

The court ordered substantive consolidation in this case, nearly three and a half years ago, after concluding Debtor exploited her position of control of one of the Entities—Nano—to transfer funds away from Patrice into another one of the Entities—CCH—where he could not access them. The court's decision was informed by detailed findings by the Santa Clara County Superior Court that these transfers were fraudulent and done with the attempt

---

[4]    Patrice has settled with the bankruptcy estate, but he contends he can pursue Debtor for sums she owes him (identified in the Proof of Claim, among other places). His incentive is to ensure funds are returned to her for ease of enforcing his debt.

ORDER RE CHAPTER 7 TRUSTEE'S FINAL REPORT                                          4/7

to conceal. (See Claim 3, Exhibits A-D). The Trustee argued without contradiction that CCH's assets and Debtor's were one in the same.

Substantive consolidation combines the assets of separated, but related, entities into a single pool and treats them as though they belong to a single entity. *In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000). The consolidated assets become a single fund. *Id.*; *see also, In re Augie/Restivo*, 860 F.2d 515, 518 (2d Cir. 1988). CCH's assets, and the assets of the other Entities, became part of the bankruptcy estate in this case when the court substantively consolidated the Entities.

CCH argues now that Debtor does not have any authority over the Trust or CCH and CCH has never intended to pay any of the estate proceeds to the Debtor. But this directly contradicts prior orders entered by this court and the Superior Court's finding that the money transferred to CCH came from Debtor. Those findings and the decision to substantively consolidate these companies is law of the case and the court is precluded from reconsidering the issue. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

The record in this case demonstrates that the court determined that the assets of the Entities belong in Debtor's bankruptcy case, largely because those assets were in fact *Debtor's* assets, and should be available to pay her creditors. Because those assets were treated as Debtor's assets, they belonged to Debtor in substance, and if there is a remainder it should be paid over to Debtor.

Nothing in the Code says CCH is entitled to the money and nothing in the Code says substantively consolidated entities should be "de-consolidated" at the end of a chapter 7 case. Given the flexible nature of substantive consolidation as an equitable tool, the parties could have directed de-consolidation in the Motion to Substantively Consolidate; but they did not do so, and *post hoc* alteration of the consolidation is not appropriate here. Further, the proposed remittance of funds to CCH seems to be based on the funds CCH paid to the estate. Unlike the Motion to Substantively Consolidate, which was supported by substantial evidence that demonstrated why the funds should be paid over to the bankruptcy estate, no one has shown that CCH is the rightful owner of those funds. The court has only concluded that CCH was

ORDER RE CHAPTER 7 TRUSTEE'S FINAL REPORT 5/7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

wrongfully in possession of those funds at the time of the substantive consolidation, not that it is entitled to them now.

**III. CONCLUSION**

For the reasons stated above, Patrice's Limited Objection is SUSTAINED. The Trustee is directed to distribute the Surplus to Debtor.

IT IS SO ORDERED.

**END OF ORDER**

Case: 21-50901   Doc# 384   Filed: 05/08/26   Entered: 05/08/26 17:10:19   Page 6 of 7

**COURT SERVICE LIST**

[ECF recipients]


<u>Via U.S. Mail</u>
Princesca N. Ene
201 13th St., OFC #34
Oakland, CA 94612

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Case: 21-50901    Doc# 384    Filed: 05/08/26    Entered: 05/08/26 17:10:19    Page 7 of 7